IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SL PATHOLOGY LEASING OF § | | |
| TEXAS LLC d/b/a SIGHTLINE § | | |
| PATHOLOGY, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-14-3724 |
| § | | |
| MIRACA LIFE SCIENCES, INC., § | | |
| *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

Before the Court in this contract and tort dispute is Plaintiff SL Pathology Leasing of Texas LLC d/b/a Sightline Pathology's ("Plaintiff") Motion to Abate and Motion to Extend Time to File Response to Defendants' Motion to Dismiss ("Motion to Abate") [Doc. # 16]. Defendants Water Street Healthcare Partners LLC ("Water Street"), David Pauluzzi ("Pauluzzi"), Lakewood Pathology Associates, Inc. d/b/a PLUS Diagnostics ("PLUS"), and Miraca Life Sciences, Inc. ("Miraca") (collectively, "Defendants") filed a Response [Doc. # 18], to which Plaintiff filed a Reply [Doc. # 19].

Plaintiff asks the Court to suspend the deadline for its response to Defendants' Motion to Dismiss for Failure to State a Claim and for Failure to Plead Fraud with

Particularity [Doc. # 5] until after the Court decides Plaintiff's Motion to Remand [Doc. # 15]. Plaintiff failed to timely respond to Defendants' Motion to Dismiss by the January 28, 2015 deadline. The Court, in the interests of justice, extended Plaintiff's deadline to respond to February 5, 2015 and warned Plaintiff that failure to respond may result in the Motion to Dismiss being granted as unopposed. *See* Order dated Jan. 29, 2015 [Doc. # 14]. On January 30, 2015, Plaintiff filed its Motion to Remand, and, on February 2, 2015, Plaintiff filed the instant Motion to Abate requesting a further extension of the deadline to respond to Defendants' Motion to Dismiss. Upon receiving Plaintiff's Motion to Abate, the Court again extended the deadline for Plaintiff's response to Defendants' Motion to Dismiss, this time setting the response date at February 20, 2015. *See* Order dated Feb. 3, 2015 [Doc. # 17]. Currently, therefore, the responses from Defendants and Plaintiff to both the Motion to Dismiss and the Motion to Remand are due February 20, 2015, and any replies are due February 27, 2015.

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court has discretion to extend the deadline for plaintiff's response upon a showing of good cause. *See* FED. R. CIV. P. 6(b)(1)(A); *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010). Plaintiff argues good cause exists to extend the deadline for its response because the Court must resolve the jurisdictional issues raised by the Motion to Remand before

addressing the issues raised by the Motion to Dismiss and granting the extension is in the interest of judicial economy.  The Court agrees that the jurisdictional issues must be addressed first.  Nevertheless, if the Court denies remand, judicial economy dictates that the Court be able to turn immediately to the issues raised in the Motion to Dismiss.  *See Scarlott v. Ocwen Loan Serving, LLC*, Civ. Action No. H-13-2742, 2014 WL 109409 (S.D. Tex. Jan. 10, 2014) (Atlas, J.); *Johnlewis v. U.S. Bank, Nat'l Ass'n*, Civ. Action No. 12-3360, 2013 WL 5304050, at *3 (S.D. Tex. Sept. 20, 2013) (Atlas, J.).  District courts may and often do decide *seriatim* motions to remand and dismiss.  Having both motions fully briefed avoids unnecessary delay.

   Defendants state that they have agreed that Plaintiff need not respond at this time to the issues in the Motion to Dismiss except regarding the claims against Miraca, *see* Response, at 4, a non-diverse party.  Defendants removed this case on the basis of improper joinder of Miraca, *see* Notice of Removal Under 28 U.S.C. §§ 1441, 1446 [Doc. # 1], and contend that fully briefing the issues regarding claims against Miraca will better allow the Court to resolve the Motion to Remand.  Plaintiff responds that the remand issues are not at all related to the dismissal arguments for Miraca because the improper joinder analysis on the Motion to Remand is governed by Texas's fair notice pleading standard which is less stringent than the federal

pleading standard applied to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Reply, at 11-13.

While the Court agrees that the state pleading standards generally apply for fraudulent joinder purposes to assess claims pleaded and apply to motions to dismiss when a case is removed from state court, *see Cabreras v. Select Portfolio Servicing, Inc.*, Civ. Action No. H-14-2910, 2014 WL 6694803, at *1 (S.D. Tex. Nov. 26, 2014) (Atlas, J.); *TSC Offshore Corp. v. Triumph Drilling (Sing.) Pte Ltd.*, Civ. Action No. H-14-1599, 2014 WL 4064012, at *2 (S.D. Tex. Aug. 15, 2014) (Atlas, J.); *Stevenson v. Allstate Tex. Lloyd's*, No. 11-CV-3308, 2012 WL 360089, at *3 (S.D. Tex. Feb. 1, 2012) (Ellison, J.), the Court need not decide the legal merits of those claims here. The sole question before the Court on the instant motion is whether good cause exists to extend the deadline for Plaintiff to respond to Defendants' Motion to Dismiss.

The Court concludes that having the issues regarding Miraca fully briefed will assist in assessing the fraudulent joinder question involved in the Motion to Remand. Furthermore, it does not appear that Plaintiff will suffer prejudice from being required to brief the issues regarding its claims against this party. Indeed, Plaintiffs' extensive briefing on the instant Motion to Abate indicates that it has already researched the issues, at least in part. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Abate [Doc. # 16] is **GRANTED in part** and **DENIED in part**. Plaintiff's response to Defendants' Motion to Dismiss [Doc. # 5] as to claims against Miraca is due **February 20, 2015**. Defendants' reply is due **February 27, 2015**. The deadline for Plaintiff to otherwise respond to Defendants' Motion to Dismiss is **abated** until the Court decides the Motion to Remand.

SIGNED at Houston, Texas, this **17th** day of **February, 2015**.

Nancy F. Atlas
United States District Judge