IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SL PATHOLOGY LEASING OF TEXAS LLC d/b/a SIGHTLINE PATHOLOGY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-3724 |
| MIRACA LIFE SCIENCES, INC., *et al.*, | § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This contract and tort dispute is before the Court on Plaintiff SL Pathology Leasing of Texas LLC d/b/a Sightline Pathology's ("Plaintiff" or "Sightline") Motion to Remand ("Plaintiff's Motion") [Doc. # 15]. Defendants Water Street Healthcare Partners, LLC ("Water Street"), David Pauluzzi ("Pauluzzi"), Miraca Life Sciences, Inc. ("Miraca"), and Lakewood Pathology Associates, Inc. d/b/a PLUS Diagnostics ("PLUS") (collectively, "Defendants") filed a Response ("Defendants' Response") [Doc. # 22], to which Plaintiff filed a Reply ("Plaintiff's Reply") [Doc. # 24]. Also pending is Defendants Water Street, Pauluzzi, and Miraca's Motion to Dismiss for Failure to State a Claim and for Failure to Plead Fraud with Particularity ("Defendants' Motion") [Doc. # 5], to which Plaintiff filed a Response ("Plaintiff's Response") [Doc. # 21] only as to the claims against non-diverse defendant Miraca,

and Miraca filed a Reply ("Miraca's Reply") [Doc. # 15].[1]  After reviewing the parties' briefing, the evidence in the record, and the applicable legal authorities, the Court concludes that Miraca was not improperly joined as a non-diverse party and **grants** Plaintiff's Motion.  Finding no subject matter jurisdiction, the Court **remands** this case to the state court and **denies as moot** Defendants' Motion.

I.     **BACKGROUND**

Plaintiff SL Pathology alleges that, on October 1, 2011, it entered into a five-year lease agreement with PLUS.  Plaintiff's Original Petition ("Petition") [Doc. # 5-2], at ECF page 7.  Paluzzi allegedly was the CEO of PLUS from April 2011 until PLUS was acquired by Miraca on October 22, 2013.  *Id.*, at ECF pages 4-5.  Water Street allegedly is a private equity group that invested in PLUS.  *Id.*, at ECF page 6.  Plaintiff alleges that, throughout 2012 and 2013, Pauluzzi made several misrepresentations that caused Plaintiff to agree to a decrease in the rental amount under the lease.  Plaintiff alleges that, on August 9, 2013, PLUS sent Plaintiff a letter wrongfully terminating the lease and contending that it was "no longer economically feasible for **PLUS** to operate its Texas laboratory."  *Id.*, at ECF page 11 (emphasis in original).  Thirty days later, Miraca allegedly purchased PLUS from Water Street and

---

[1]     The Court abated the deadline for Plaintiff to otherwise respond to Defendants' Motion until after a ruling on the jurisdictional issues raised by Plaintiff's remand motion.  *See* Memorandum and Order dated Feb. 17, 2015 [Doc. # 20].

Paluzzi for $81.5 million, making Miraca the largest "independent anatomic pathology laboratory in the United States." *Id.*, at ECF pages 6, 12. Plaintiff alleges that the "only obstacle to closing" this "industry lab deal" among the Defendants was to "remove **SIGHTLINE** from the picture." *Id.*, at ECF page 12 (emphasis in original). Plaintiff alleges that all four Defendants "conspired with each other to orchestrate a ruse to terminate" the lease agreement. *Id.*

On December 1, 2014, Plaintiff sued Water Street, Paluzzi, Miraca, and PLUS in the 270th Judicial District Court of Harris County, Texas. Plaintiff's Original Petition ("Petition") [Doc. # 5-2], at ECF page 2. Plaintiff brings causes of action for tortious interference with an existing contract and civil conspiracy against all Defendants; a fraud claim against Pauluzzi, Water Street, and PLUS; and a breach of contract claim against Water Street and PLUS. *Id.*, at ECF pages 13-15. On December 31, 2014, Defendants timely removed this case on the basis of complete diversity of citizenship between the properly joined parties, and contending that non-diverse defendant Miraca was improperly joined. Notice of Removal Under 28 U.S.C. §§ 1441, 1446 [Doc. # 1]. Plaintiff filed a motion to remand, which has been fully briefed and is ripe for review.

## II.     STANDARD FOR REMAND

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S.

466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th. Cir. 2014); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The Court "must presume that a suit lies outside this limited jurisdiction." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377). "'[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum.'" *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 290 (5th Cir. 2013) (quoting *Howery*, 243 F.3d at 916)).

Defendants removed this case on the grounds that non-diverse defendant Miraca is not a proper party to this suit, and there is complete diversity of citizenship between the proper parties. As the party seeking removal, Defendants "bear[] a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 344 (5th Cir. 2013). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). "Any contested issues of fact and any ambiguities of state law must be resolved in [plaintiff's] favor." *Travis v. Irby*, 326

F.3d 644, 649 (5th Cir. 2003) (citing *Griggs*, 181 F.3d at 699); *accord B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the [plaintiff's] pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *Mumfrey v. CVS Pharm.* Inc., 719 F.3d 392, 401 (5th Cir. 2013); *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.[2]

For the second prong, whether plaintiff has established a cause of action against the non-diverse defendant, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Kling*, 575 F.3d at 513. (quoting *Smallwood*, 385 F.3d at 573); *accord Mumfrey*, 719 F.3d at 401. Courts may resolve the improper joinder issue by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to

---

[2] Defendants assert Plaintiff's allegations are "demonstrably false," but do not contend that the pleadings rise to the level of actual fraud.

determine whether the complaint states a claim under state law" by the non-diverse plaintiff against the defendant. *Smallwood*, 385 F.3d at 573. "The focus is on plaintiff's pleadings at the time of removal." *Akerblom*, 509 F. App'x at 344 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). In the appropriate case, a court has discretion to "pierce the pleadings" and conduct a summary inquiry to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74; *accord Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005).

## III. ANALYSIS

Defendants' improper joinder arguments challenge the legal sufficiency of Plaintiff's pleadings. For purposes of the improper joinder analysis, traditionally, courts have stated that the adequacy of the allegations in a petition filed in Texas state court are evaluated under the Texas "fair notice" pleading standard.[3] Defendants argue that Plaintiff's "sparse and conclusory" allegations fail to state a claim because adoption of Texas Rule of Civil Procedure 91a, effective on March 1, 2013, imposes

---

[3] *See Michels v. Safeco Ins. Co. of Ind.*, 544 F. App'x 535, 538 (5th Cir. 2013); *TSC Offshore Corp. v. Triumph Drilling (Sing.) Pte Ltd.*, Civ. No. H-14-1599, 2014 WL 4064012, at *2 (S.D. Tex. Aug. 15, 2014) (Atlas, J.); *Stevenson v. Allstate Tex. Lloyd's*, No. 11-CV-3308, 2012 WL 360089, at *3 (S.D. Tex. Feb. 1, 2012) (Ellison, J.); *Edwea, Inc. v. Allstate Ins. Co.*, Civ. No. H-10-2970, 2010 WL 5099607, at *3-6 (S.D. Tex. Dec. 8, 2010) (Rosenthal, J.); *see also Smallwood*, 385 F.3d at 573; *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 F. App'x 533, 537 (5th Cir. 2005).

a new and stricter pleading standard in Texas "akin to Rule 12(b)(6)." Response, at 10, 13. This argument is unavailing. Similar to dismissal in federal court under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, Texas Rule 91a states that a cause of action may be dismissed, upon motion, if the claim "has no basis in law or fact."[4] To determine whether a claim should be dismissed as "baseless" under Rule 91a, Texas courts apply the fair notice pleading standard to evaluate the sufficiency of the pleadings.[5] The Texas fair notice standard is satisfied if Defendants "can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant."[6]

---

[4] TEX. R. CIV. P. 91a; *see GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754-55 (Tex. App.–Beaumont 2014, pet. denied) ("Just as a motion to dismiss for failure to state a claim under Rule 12(b)(6) is a proper vehicle to assert a claim of immunity under the federal rules, a motion to dismiss under Rule 91a is a proper vehicle to assert an affirmative defense of immunity under section 230 in the state court."); *City of Dallas v. Sanchez*, 449 S.W.3d 645, 647 (Tex. App.–Dallas 2014, no pet.) ("Rule 91a permits a party to move to dismiss a cause of action 'on the grounds that it has no basis in law or fact.'").

[5] *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, no pet). *Cf. Kopplow Dev., Inc. v. City of San Antonio*, 399 S.W.3d 532, 536 (Tex. 2013); *Gutierrez v. Portfolio Recovery Assocs., LLC*, No. 03-13-00311-CV, 2015 WL 869178, at *3 (Tex. App.–Austin Feb. 26, 2015 no pet. h.); *Compass Bank v. Nacim*, — S.W.3d —, No. 08-12-00318-CV, 2015 WL 181721, at *13 (Tex. App–El Paso, Jan. 14, 2015 no pet.); *McLeod v. Gyr*, 439 S.W.3d 639, 651 (Tex. App.–Dallas 2014, pet. denied); *Holmes v. Acceptance Cas. Ins. Co.*, 942 F. Supp. 2d 637, 646 (E.D. Tex. 2013) (all applying the fair notice pleading standard to assess the legal sufficiency of the pleadings in cases filed after Rule 91a went into effect).

[6] *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *Horizon/CMS Healthcare Corp. v.*
(continued...)

Applying this fair notice pleading standard, in the context of the issue of fraudulent joinder, which incorporates the Rule 12(b)(6) and arguably Texas Rule 91a analysis, the Court concludes that Plaintiff has stated a claim against Miraca. Plaintiff sues Miraca for tortious interference with an existing contract and civil conspiracy. Petition, at ECF page 15. Plaintiff's allegations include the following statements regarding Miraca:

> During the majority of **PLUS's** dealing with **SIGHTLINE** and at all material times, **WATER STREET**, **PAULUZZI**, and **MIRACA** had been secretly engaging in ongoing negotiations for the sale of **PLUS** to **MIRACA**. The only obstacle to closing this "industry lab deal" was to remove **SIGHTLINE** from the picture. **MIRACA** already had a pathology lab in Irving, Texas and therefore did not need to duplicate the cost and expense of operating another one in Houston, Texas. **MIRACA** knew that **PLUS** had a valid and existing lease agreement with **SIGHTLINE**, the terms of which would be effective through September, 2016. Despite this fact, **MIRACA**, **WATER STREET**, and **PAULUZZI** conspired with each other to orchestrate a ruse to terminate the contract, thus paving the way for the sale of PLUS to **MIRACA**.
>
> Within thirty days of **PLUS'** breach of the lease agreement, **MIRACA** purchased **PLUS DIAGNOSTICS** from **WATER STREET** for $81.5 million with a handsome portion of the proceeds going directly to **WATER STREET** and **PAULUZZI**. In this regard, **MIRACA** intentionally and wrongfully interfered with **SIGHTLINE**'s contractual relationship with PLUS in order to consummate the deal.

Petition, at ECF page 12 (emphasis in original). Plaintiff's allegations are sufficient

---

[6] (...continued)
*Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).

under the fair notice pleading standard, *see Low*, 221 S.W.3d at 612, to demonstrate that Defendants have failed to establish that there is "no possibility of recovery" by Plaintiff against Miraca, the in-state Defendant. Further, regarding the Fifth Circuit's alternative formulation, the Court cannot conclude that there is "no reasonable basis for the court to predict that the plaintiff might be able to recover against an in-state defendant." *See Kling*, 575 F.3d at 512 (quoting *Smallwood*, 385 F.3d at 573).

Defendants argue Plaintiff's allegations have no basis in fact and are "demonstrably false." Defendants ask the Court to conduct a summary inquiry, *see* Response, at 17-18, and submit an Affidavit in which Russell O. Farr, the senior vice president and general counsel of Miraca, denies the allegations against Miraca, *see* Affidavit of Russell O. Farr [Doc. # 22-4]. While Farr's Affidavit presents several factual matters that contradict Plaintiff's allegations, the Court must resolve "all contested issues of substantive fact in favor of the plaintiff." *See B., Inc.*, 663 F.2d at 549. Defendants have not directed the Court to discrete and undisputed facts that would preclude Plaintiff's recovery against Miraca.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, Defendants have failed to meet their heavy burden to show that non-diverse defendant Miraca was improperly joined in this suit. Accordingly, the Court lacks subject matter jurisdiction, and it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 15] is **GRANTED**. It is further

**ORDERED** that this case is **REMANDED** to the 270th Judicial District Court of Harris County, Texas. Finally, it is

**ORDERED** that Defendants Water Street, Pauluzzi, and Miraca's Motion to Dismiss for Failure to State a Claim and for Failure to Plead Fraud with Particularity [Doc. # 5] is **DENIED as moot.**

A separate remand order will issue.

SIGNED at Houston, Texas, this  25th  day of **March, 2015**.

Nancy F. Atlas
United States District Judge